## THE ANGLER.

### VAN HOESEN v. THE ANGLER.

(District Court, E. D. New York. March 13, 1894.)

MARITIME LIENS—WAIVER—INNOCENT PURCHASERS.

> A delay of over two years in attempting to assert a lien for damages for wrongful discharge of a pilot *held* to be a waiver thereof as against purchasers of the vessel who bought her while the lien claimant was suing the owner personally, without giving notice to the purchasers of an intention to hold the vessel, so that they had no opportunity for taking indemnity against the claim.

This was a libel by Francis Van Hoesen against the steamboat Angler, to enforce a lien for damages.

Alexander & Ash, for libelant.

Goodrich, Deady & Goodrich, for claimants.

BENEDICT, District Judge. This is an action to enforce a lien on the steamboat Angler for damages arising from the discharge of the libelant from the service of the boat before the expiration of his term of service. The libelant was hired as pilot by the then owner of the boat, one Foster, on February 11, 1889, and on July 11, 1890, he was discharged by Foster. In October, 1890, the libelant sued Foster in the state court to recover the same demand here presented. In January, 1892, the steamboat was transferred to a corporation, who are now her owners. In December, 1892, the libelant obtained judgment against Foster in the state court, and on December 27, 1892, he filed his libel against the steamboat in this action. The proofs in regard to the transfer of the boat to the corporation warrant the conclusion that the claimants were bona fide purchasers for value. They purchased the steamboat with no notice that the libelant claimed to have a lien upon her, but with notice that he had sued the former owner for his demand. When the claimants purchased the boat they paid all outstanding debts presented, and the demand of the libelant would then have been paid if it had been presented. It was not presented, and instead it was prosecuted against Foster. Any sum recovered by the libelant in this action will be so much lost to the present owners, for they are without security. Under these circumstances, I am of the opinion that the libelant should be held to have waived his lien against the boat by allowing it to remain dormant for over two years. The cases cited by the libelant are clearly distinguishable from the present case. Here no excuse is given for the libelant's delay to prosecute his claim for over two years; and this delay is coupled with the fact that in the meantime he put his claim in suit against the owner, and gave no notice of an intention to hold the boat, and coupled with the further fact that by withholding such notice he deprived the claimants of the opportunity of seeing that his claim was paid at the time of the transfer of the boat or taking indemnity against it. In such a case it would be inequitable to cause the claimants to pay the libelant's demand. The libel is accordingly dismissed, with costs.